Vicki B. LEE; Darrell E. Lee,
Plaintiffs—Appellants,

v.

Stephen S. WALTERS, Brad Higbee, George Rankin, Richard Reid, and Laura A. Fine (in their individual and official capacities as members of the Oregon Racing Commission), and Joanne McAdam (in her individual capacity only), Defendants—Appellees.

No. 03–35102.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2005.*

Decided Dec. 29, 2005.

Kathryn H. Clarke, Esq., Portland, OR, for Plaintiffs–Appellants.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

David L. Kramer, Daniel J. Casey, AGOR–Office of the Oregon Attorney General (Salem), Salem, OR, for Defendants–Appellees.

Before: HUG, REINHARDT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Vicki and Darrell Lee appeal the district court's rulings on four of their section 1983 claims against Stephen S. Walters, Brad Higbee, George Rankin, Richard Reid, Laura Fine and Joanne McAdam, all members of the Oregon Racing Commission (ORC). We affirm in part, reverse in part, and remand for a determination of damages on the Lees' claim that their tangible personal property was unreasonably seized.[1]

■ With respect to the claim for unreasonable seizure of tangible property, we first note that the ORC orders excluding the Lees from Portland Meadows race track were valid, as we explain in the opinion filed concurrently herewith. However, the seizure of the Lees' property was unreasonable because it was not necessary to further the state's interest in regulating

racing. See VonderAhe v. Howland, 508 F.2d 364, 368–70 (9th Cir.1974) (indiscriminate seizure of property from dentist's office was unreasonable in the absence of pending criminal or civil proceedings). Further, the ORC officials are not entitled to qualified immunity on this claim because section 462.080(1) does not authorize the seizure of property. See, e.g., United States v. Place, 462 U.S. 696, 701, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (citing general principle that seizures without justification are per se unreasonable). Thus, we reverse the district court's ruling on this claim and remand for a determination of damages for the unreasonable seizure of the Lees' property, and for an award of attorneys' fees if appropriate.[2]

■ Next, the district court ruled on summary judgment that the Lees' Fourth Amendment rights were violated when they were arrested after attempting to enter Portland Meadows, because the exclusion orders were based upon the purportedly unconstitutional statute.[3] However, the court granted the ORC officials summary judgment on the ground of qualified immunity. As noted above, the exclusion orders were not invalid; thus, the Lees' arrests were not unreasonable. It is therefore unnecessary to reach the district court's ruling that the ORC officials were entitled to qualified immunity on this

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although the first and second amended complaints asserted claims against Walters, Higbee, Rankin, Reid and Fine "in their individual and official capacities," the action for damages proceeded against all defendants in their individual capacities only. Should any defendants be held liable on remand, it shall be in that capacity only.

2. The district court initially granted the Lees summary judgment on their claim for unreasonable seizure of property. At the conclusion of the evidence at trial, the court reversed itself and granted judgment as a matter of law in favor of the defendants on this claim. We reverse the latter ruling and reinstate the order of summary judgment in favor of the Lees; thus, a remand for a determination of damages is appropriate.

3. Violation of a section 462.080 exclusion order is a misdemeanor. Or.Rev.Stat. § 462.080(5).

claim. Rather, we affirm the denial of the unlawful arrest claim on other grounds.

▪ The Lees' third claim, that their exclusion resulted in an unconstitutional taking of intangible property because it caused Darrell Lee to lose the ability to manage his business and thus forced him to sell his share of TNPM stock at an undervalued price, fails as a matter of law. The exclusion orders did not proximately cause Darrell Lee to lose his managerial interest in his business. Rather, as the district court found, that loss was caused by his business partner's moving the corporate books and records to Vancouver, by several state court and administrative complaints filed against him by the business partner, and by his employees' refusal to follow his directives, as the severity of Lee's legal problems increased. Thus, we affirm the district court's ruling that the Lees failed to prove their Fifth Amendment claim.

Fourth, there is no evidence in the record that the ORC officials excluded the Lees from Portland Meadows in retaliation for Darrell Lee's bankruptcy discussions. Thus, the district court did not err in deciding not to submit a First Amendment retaliation instruction to the jury.

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND to the district court for a determination of damages and attorneys' fees, if appropriate, on the unreasonable seizure of tangible property claim.